UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRENCE SNELLING,
         Plaintiff,

v.                          CAUSE NO.: 3:23-CV-1059-TLS-JEM

ST. JOSEPH COUNTY JAIL,
         Defendant.

**OPINION AND ORDER**

Terrence Snelling, a prisoner without a lawyer, filed a Complaint. *See* ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Snelling's Complaint concerns an incident at the St. Joseph County Jail where he was burned while showering on October 25, 2023. *See* ECF No. 1. He complains about the way Officer Ramos and Nurse Wendy responded to his injury, stating that "they could have handled it a little more professionally than it was." *Id.* at 2. But he only names the St. Joseph County Jail as a defendant, which is not a proper defendant. This because the jail is a building thus not an entity that can be held responsible for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For a claim for constitutionally inadequate medical care under the Fourteenth Amendment, Snelling needs to name as a defendant an individual who was personally involved

in his medical care and explain how that defendant acted unreasonably towards a serious medical need. *See Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (listing elements of a pretrial detainee's claim for constitutionally inadequate medical care under the Fourteenth Amendment). The case cannot proceed against the jail, and it remains to be seen whether Snelling can state a claim against any other defendant.

This Complaint does not state a claim for which relief can be granted. If Snelling believes he can state a claim based on (and consistent with) the events described in his Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS Terrence Snelling until **April 15, 2024**, to file an amended complaint; and

(2) CAUTIONS Terrence Snelling if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on March 14, 2024.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT